IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD EUGENE EVETT,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 2:16-cv-00652-MO

**OPINION AND ORDER**

**MOSMAN, Judge.**

Petitioner is currently in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Habeas Corpus Petition (ECF No. 2) is DENIED, and this case is DISMISSED.

### BACKGROUND

On August 11, 2011, Petitioner pleaded guilty and no contest to one count of Attempt to Commit Burglary in the First Degree, three counts of Attempt to Commit Assault in the Second Degree, one count of Felon in Possession of a Firearm, and one count of Unlawful Use of a Weapon. Resp't Ex. (ECF No. 22) 101. Pursuant to a plea agreement, the Douglas County Circuit

1 – OPINION AND ORDER

Court sentenced him to 36 months of supervised probation. Resp't Ex. 104; Douglas County Circuit Court Case No. 11CR1723FE. A few days later, Petitioner was re-arrested on suspicion of violating several conditions of his probation. Resp't Ex. 182.

On September 20, 2011, Petitioner appeared for a probation violation hearing. Resp't Ex. 104. The court found Petitioner had violated the conditions of his probation by consuming alcohol, criminally trespassing a saloon he was asked to leave, harassing the bartender, and (based upon his blood-alcohol level several hours after re-arrest) likely driving under the influence of intoxicants. *Id.* at 151-53. Accordingly, the court revoked probation and imposed the sentence previously agreed upon in the plea agreement—four consecutive 36-month prison terms on Counts One through Four, totaling 144 months imprisonment—to be followed by post-prison supervision. Resp't Exs. 101, 104.

Petitioner appealed the probation revocation, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Evett*, 260 Or. App. 767, 355 Or. 317 (2014); Resp't Exs. 105-110. Petitioner then filed a petition for post-conviction relief (PCR). Following a hearing, the PCR trial court denied relief. *Evett v. Nooth*, Malheur County Circuit Court Case No. 12039326P; Resp't Ex. 203. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Evett v. Nooth*, 275 Or. App. 169 (2015), 358 Or. 611 (2016); Resp't Exs. 204-208.

Petitioner requests habeas relief because he believes the use of an inaccurate criminal history worksheet during plea negotiations rendered his guilty plea not knowing and voluntary. Respondent asks this Court to deny relief because the PCR trial court reasonably determined that counsel was not ineffective in assisting Petitioner in the plea process, and because Petitioner's claims of prosecutorial misconduct are procedurally defaulted.

## DISCUSSION

### I. Procedural Default: Grounds Four and Five

Grounds Four and Five of the Petition allege prosecutorial misconduct occurred when the prosecutor included another person's convictions on Petitioner's criminal history worksheet, used to calculate the prison sentences in the plea agreement, which were ultimately imposed when the trial court revoked Petitioner's probation.

#### A. Standards

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appropriate stages afforded under state law. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Carrillo-Carrillo v. Coursey*, 823 F. 3d 1217, 1220 (9th Cir. 2016); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). If the petitioner procedurally defaults his available state remedies, habeas relief is precluded absent a showing of cause and prejudice, or that the failure to consider the defaulted claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

#### B. Analysis

The PCR trial court found that claims of prosecutorial misconduct should have been raised on direct appeal. Resp't Ex. 203 at 4. However, Petitioner did not file a direct appeal of his judgment of conviction. Petitioner claims he was "not permitted" to file a direct appeal because the public defender declined to do it for him. Pet'r's Br. in Supp. (ECF No. 20) at 19. Petitioner does not explain why he could not file a notice of appeal for himself. Instead, he contends it would

have been futile for him to raise prosecutorial misconduct claims on PCR appeal, given the PCR trial court's finding. Therefore, according to Petitioner, exhaustion should not be required for this Court to reach the merits. *Id.* at 20.

Petitioner clearly failed to exhaust his claims of prosecutorial misconduct. The only relevant question is whether Petitioner's procedural default can be excused. *See e.g., Smith v. Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007). Petitioner does make an adequate showing of cause for his failure to file any appeal, nor has he made an adequate showing of a fundamental miscarriage of justice. Therefore, Grounds Four and Five are procedurally defaulted.

II.   Merits: Grounds One, Two, and Three

In Grounds One and Three, Petitioner alleges trial counsel was ineffective by failing to review with Petitioner the criminal history worksheet provided by the district attorney during plea negotiations, which included convictions attributable to a different individual, thereby rendering his guilty plea not knowing and voluntary. Pet. at 25-30. In Ground Two, Petitioner alleges trial counsel was ineffective for failing to ensure that the "Single Judicial Proceeding" rule was applied to his criminal history to ensure the presumptive guidelines sentences set forth in the plea agreement were accurate. *Id.* at 26-28.

A. Standards

The question before this court is whether the PCR trial court's rejection of Petitioner's ineffective assistance claims was contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1) & (2).

Under § 2254(d)(1), a state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if it

4 – OPINION AND ORDER

decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. *Id.* at 407, 413. In addition, deference must be provided to state court factual findings under § 2254(d)(2). The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

It is clearly established federal law that a claim of ineffective assistance of counsel requires a habeas petitioner to prove counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability the result of the proceeding would have been different but for counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). Failure to satisfy either prong of this test obviates the need to consider the other. *Id.* at 687.

*Strickland*'s two-part test governs ineffective-assistance claims arising out of the plea process. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). This Court's inquiry under *Strickland* is highly deferential. This Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012). The issue is not whether this Court believes the state court's determination under *Strickland* is incorrect, but whether that determination was unreasonable—a substantially higher threshold. *Knowles v. Mirzayance*, 556

U.S. 111, 123-24 (2009); *Hibbler*, 693 F.3d at 1150. To establish prejudice in the context of a guilty plea, a habeas petitioner must "demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 127-28 (2011); *Hill*, 474 U.S. at 58-59.

B. Analysis

Petitioner argued to the PCR trial court that his guilty plea was not knowing and voluntary due to counsel's failure to ensure the correct criminal history was used to negotiate the plea agreement.[1] Resp't Ex. 126 at 12. Petitioner asked the P trial court to allow him to "withdraw the plea entirely" and start over. *Id.* The PCR trial court declined, stating:

> Although it does appear to be true that, through no fault of anyone involved, the criminal history score attributed to petitioner in fact involved offenses committed by a different individual, petitioner has presented no evidence that, if his correct criminal history score had been before the district attorney and petitioner's counsel, he would have been offered a different plea bargain than the one that he received, or that he would have refused to plead guilty to the same bargain in any event.[2]

Resp't Ex. 203 at 3.

This Court concurs with Respondent that Petitioner fails to overcome the presumption that the PCR trial court reasonably determined the facts, and accurately applied the law. According to

---

[1] It bears noting that in signing the plea agreement Petitioner, himself, attested to having "reviewed and agree[d] that the criminal history is reflected accurately in the summary provided by the District Attorney." Resp't Ex. 103 at 2. In addition, before accepting his guilty plea the sentencing court confirmed that Petitioner had read the entire plea agreement, and that he had been given a chance to ask his attorney questions about it. Resp't Ex. 104 at 11.

[2] Petitioner erroneously asks this Court to review *de novo* the "impact of the incorrect history on the revocation sentence" because there "is no state court finding" about it. Pet'r's Br. in Supp. at 16. The trial court imposed the "revocation sentence" Petitioner agreed to in the plea agreement. The PCR court's finding that the plea agreement was not impacted by the inaccuracies in Petitioner's criminal history, therefore, constitutes a "state court finding" that the inaccurate criminal history did not impact the revocation sentence. This court reviews the PCR court's finding under the standards set forth in 28 U.S.C. § 2254(d)(1) & (2), not *de novo* review.

6 – OPINION AND ORDER

the district attorney who negotiated Petitioner's plea agreement, even without the erroneous convictions, Petitioner "would still have been sentenced as an 'A' because he had been convicted of three person misdemeanors . . . which converts into one person felony," and he had been convicted of two person felonies. Resp't Ex. 201. According to district attorney, at the time Petitioner entered his guilty plea, three person felonies ranked as an 'A' on the sentencing guidelines. *Id.*

The sentencing court's reference at Petitioner's probation revocation hearing to the wrong person's conviction for driving under the influence of intoxicants, is not, as Petitioner contends, evidence that this error influenced the sentencing court's decision to impose special conditions on Petitioner's probation one month prior. Pet'r's Br. in Supp. at 16-17; Resp't Ex. 104 at 146. Those conditions were imposed pursuant to the plea agreement because Petitioner, in fact, does have a history of manufacturing and possessing controlled substances, and in the hours preceding his arrest in the case under negotiation several people witnessed Petitioner consume alcohol and "possibly controlled substances." Resp't Ex. 201 at 2-3. Moreover, as the district attorney explained to the sentencing court, during a search of Petitioner's home following that arrest, "controlled substances and paraphernalia [were] found." *Id.* at 3.

In sum, as the PCR trial court determined, Petitioner cannot show that but-for the erroneous convictions included on his criminal history worksheet the district attorney would have offered him a plea deal free of a prohibition on consuming alcohol, or that he would never have accepted the plea offer if his attorney had spotted the errors. Resp't Ex. 103 at 2.

## CONCLUSION

Based on the foregoing, Petitioner's Habeas Corpus Petition (ECF No. 2) is DENIED, and this proceeding is DISMISSED, with prejudice. The Court declines to issue a Certificate of

7 – OPINION AND ORDER

Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___ day of January, 2019.

Michael W. Mosman
United States District Judge